UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT N. JOHNSON, | No. 07-CV-01393 LEW-GGH |
| Plaintiff, | |
| v. | |
| WILLIAM N. LOUIE, individually and as a Co-Trustee of the 1999 Louie Family Trust; | ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS |
| SUSAN T. LOUIE, individually and as a Co-Trustee of the 1999 Louie Family Trust; | ORDER GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE |
| SUSAN E. GOULD, individually and dba CONROY'S FLOWERS | |
| Defendants. | |

On August 29, 2007, Defendant Susan E. Gould/dba Conroy's Flowers filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim under Fed. R. Civ. P. 12(B). Defendant Gould also alleges that res judicata precludes the filing of the underlying action.

On September 12, 2007, Defendants William N. Louie and Susan T. Louie filed a Joinder to Gould's Motion to Dismiss and a Motion for Dismissal under Fed. R. Civ. P. 12(B).

On September 21, 2007, Plaintiff Opposed the Motion to Dismiss alleging that the original Complaint does properly state a claim for relief and that res judicata is inapplicable because the prior settlement involved a different property.

This matter was originally set for hearing on October 12, 2007, however, having considered the pleadings filed in this matter, the Court hereby **ORDERS** as follows:

As an initial matter, Defendant Gould's Request for Judicial Notice is **GRANTED**. Each of the documents Defendant request the Court take judicial notice of are publically filed documents and therefore are all capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(d).

Defendants' Motions to Dismiss are **DENIED**. Viewing the evidence and all reasonable inferences in the light most favorable to Plaintiff, Plaintiff has adequately

2

1  stated a claim for relief.

3  Specifically, Plaintiff alleges that he both
4  attempted and visited the 4900 Madison Property and
5  found it in violation of the Americans with
6  Disabilities Act of 1990.  Moreover, Plaintiff does not
7  actually need to have visited the location, but merely
8  been deterred from patronizing based on the lack of
9  accommodations.  <u>Pickern v. Holiday Quality Foods Inc.</u>,
10 293 F.3d 1133, 1138 (9th Cir. 2002.)

12 Plaintiff's claims are also not barred by the
13 principal of res judicata.  Collateral estoppel is
14 appropriate when "(1) there was a full and fair
15 opportunity to litigate the issue in the previous
16 action; (2) the issue was actually litigated in that
17 action; (3) the issue was lost as a result of a final
18 judgment in that action; and (4) the person against
19 whom collateral estoppel is asserted in the present
20 action was a party or in privity with a party in the
21 previous action." <u>In re Palmer</u>, 207 F.3d 566, 568 (9th
22 Cir. 2000).

24 A settlement may meet the "fully litigated"
25 requirement where "it is clear that the parties
26 intended the stipulation of settlement and judgment
27 entered thereon to adjudicate once and for all the

2

issues raised in that action." <u>Green v. Ancora-Citronelle Corp.</u>, 577 F.2d 1380, 1383 (9th Cir. 1978).

This case, however, is not analogous to <u>Green</u>, where the Plaintiff merely re-filed the identical claims in federal court that had previously been settled in state court.  Here, when viewed in the light most favorable to Plaintiff, the settlement agreement does not appear to apply directly to the current allegations surrounding the 4900 Madison property.

Indeed, the settlement agreement states that the Lawsuit to be settled "alleges among other things, [that Defendants own a property] where an establishment called 'Conroy's Flowers' located in a retail center at 2300 Arden Way, Sacramento, CA (hereafter "the Establishment")."  (Settlement at 1.)  All other references pertain only the "Establishment" which does not include to the 4900 Madison property.

Moreover, each of the settlement terms regarding repairing the property surround the 2300 Arden property. The only reference to the 4900 Madison property is found in the factual background of the prior complaint.  The remaining allegations surround the 2300 Arden property.

3

Finally, Plaintiff alleged visits to the Madison property in the instant complaint, were made after the settlement of the prior action.  (Compl. at 3.)

Therefore, the parties did not necessarily intend for the settlement to include claims regarding the 4900 Madison property.  Moreover, when viewed in the light most favorable to Plaintiff, the allegations in the instant Complaint could not have been included in the settlement because the incident took place after the settlement of the prior litigation.

Based on the above analysis, Defendants' Motion to Dismiss is **DENIED**.

**IT IS HEREBY ORDERED**

*[signature: Ronald S.W. Lew]*

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge

DATED: October 2, 2007

4